**In the District Court of the United States**
**For the District of South Carolina**
BEAUFORT DIVISION

RECEIVED
USDC CLERK, CHARLESTON, SC
2006 JAN 25  A 11: 40

| | | |
|---|---|---|
| Wanda F. Evans, | ) | C. A. No. 9:05-1869-GRA-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |



This matter is before the court on a petition for approval of attorney's fees submitted by plaintiff's counsel, George H. Thomason, Esquire. The record indicates that in June 2005, plaintiff filed an application for Title II and SSI disability insurance benefits, which was denied by the Social Security Administration, both initially and upon reconsideration. That determination became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council. Plaintiff sought judicial review of this decision pursuant to 42 U.S.C. § 405(g). On December 20, 2005, this court ordered the Commissioner's sentence be reversed and remanding the claim to the Commissioner for additional administrative proceedings.

Subsequently, the plaintiff's counsel has filed a motion for approval of attorney's fees on January 12, 2006, seeking fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA) in the total amount of Two Thousand Two Hundred Ninety and 00/100 ($2,290.00) dollars which represents 13.6 hours of work at $150.00 per hour plus costs of Two Hundred Fifty and 00/100 ($250.00). The Commissioner filed a response on January 25, 2006, registering no opposition to an award of attorney fees and costs.

In <u>Morris v. Social Security Administration</u>, 689 F.2d 495 (4th Cir. 1982), the Fourth Circuit

Court of Appeals addressed the issue of attorney's fees:

> Subsection (a) of 42 U.S.C. § 406 authorizes the Secretary to certify a maximum of twenty-five per cent of a claimant's past due benefits as fees for the attorney who successfully represents the claimant in the agency proceedings. Similarly, subsection (b)(1) authorizes the court to allow up to twenty-five per cent of a claimant's past-due benefits as fees the attorney who successfully represents his client before the court. The district court, however, is to award attorney's fees pursuant to section 406(b)(1) without considering any services the attorney may have performed before the Secretary. Whitt v. Califano, 601 F.2d 160, 161-62 (4th Cir. 1979). The Secretary alone is empowered to make awards for services rendered in agency proceedings. Id. at 162. Nonetheless, an attorney's entitlement to fees for court services is not eliminated when the court does no more than remand the case to the Secretary, as in the instant case. See Conner v. Gardner, 381 F.2d 497, 500 (4th Cir. 1967).
>
> While the district court may not consider services rendered in administrative proceedings in its determination of a reasonable attorney's fee under subsection (b)(1), the legislative history of section 406 convinces us that the court must take into account any fees fixed by the Secretary.

Morris, 689 F.2d at 496-97.

This court has reviewed the record in the instant action. The court, having reviewed the record, the time expended in the judicial proceedings, the maximum amount allowable under 42 U.S.C. § 406, and the factors articulated in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978), concludes that Two Thousand Two Hundred Ninety and 05/100 ($2,290.00) Dollars is a reasonable and just fee to be

paid to claimant's counsel for his services before the court. Therefore, it is

**ORDERED**, that the motion for attorneys fees be granted in the amount of Two Thousand Two Hundred Ninety and 00/100 ($2,290.00) Dollars to Plaintiff's attorney for his services in this case.

**IT IS SO ORDERED.**

George C. Kosko
United States Magistrate Judge

January 25, 2006

Charleston, South Carolina